JEAN A. WILLIAMS
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 4.149
Washington D.C.  20002
Telephone (202) 514-0375
Facsimile (202) 514-8865

*Attorneys for Defendant*

[additional counsel listed in signature blocks]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL S. REGAN, in his official capacity as the Administrator of the United States Environmental Protection Agency,<br><br>Defendant. | Case No. 3:20-cv-06020-WHA<br><br>**[PROPOSED]** CONSENT DECREE |

WHEREAS, on August 27, 2020, Plaintiffs Center for Biological Diversity and Center for Environmental Health (collectively, "Plaintiffs") filed the above-captioned matter against Michael S. Regan, in his official capacity as the Administrator of the United States Environmental Protection Agency (hereinafter "EPA" or "Defendant") (Dkt. No. 1);

WHEREAS, on January 22, 2021, Plaintiffs filed a First Amended Complaint (Dkt. No. 24) (the "First Am. Compl.");

WHEREAS, Plaintiffs allege that EPA has failed to undertake certain non-discretionary duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that such alleged failure is actionable under CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2);

WHEREAS, CAA section 110(k) sets forth the process by which EPA reviews state implementation plan ("SIP") submissions and revisions. 42 U.S.C. § 7410(k). Pursuant to CAA section 110(k)(1)(B), 42 U.S.C. § 7410(k)(1)(B), EPA must then determine whether a SIP submission or revision is complete within six months after EPA receives the submission, and if EPA does not determine completeness of the plan or revision within six months, then the submittal is deemed complete by operation of law after six months, *id.*;

WHEREAS, pursuant to CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4), EPA is required to approve in whole or in part, disapprove, or conditionally approve in whole or in part, each plan or revision, within 12 months of a determination of completeness by EPA or a submittal deemed by operation of law to be complete;

WHEREAS, pursuant to CAA section 110(c)(1)(B), EPA must "promulgate a Federal implementation plan [("FIP")] at any time within 2 years after the Administrator-- . . . disapproves a [SIP] submission in whole or in part, unless the State corrects the deficiency, and the Administrator approves the plan or plan revision, before the Administrator promulgates such [FIP]," 42 U.S.C. § 7410(c)(1)(B);

WHEREAS, in Claim 1 of the First Amended Complaint, Plaintiffs allege that EPA issued a limited disapproval and limited approval of a permitting rule, Rule 1-220, New Source Review ("NSR") Standards (including [Prevention of Significant Deterioration ("PSD")] Evaluations), submitted to EPA on November 15, 2016 as a revision to the Mendocino County

Air Quality Management District ("MCAQMD") portion of the California SIP. *Final Rule*, 82 Fed. Reg. 30,770 (July 3, 2017). Plaintiffs further allege that EPA failed to approve a SIP revision or promulgate a FIP addressing the deficiencies identified in the limited disapproval of Rule 1-220 within two years of the effective date of EPA's July 3, 2017 final rule, *see* First Am. Compl. ¶¶ 50-52;

WHEREAS, on June 10, 2021, the Acting Regional Administrator for EPA Region 9 signed a notice approving a California SIP submission addressing the deficiencies with Rule 1-220 of the MCAQMD portion of the California SIP that were the basis for EPA's July 3, 2017 limited disapproval of MCAQMD Rule 1-220 at 82 Fed. Reg. 30,770. *Final Rule*, 86 Fed. Reg. 33,539 (June 25, 2021). Claim 1 is therefore moot;

WHEREAS, in Claim 2 of the First Amended Complaint, Plaintiffs allege that EPA has not taken final action on the following elements of three SIP submittals or revisions for the Eastern Kern (Kern County), California nonattainment area for the 2008 ozone National Ambient Air Quality Standards ("2008 ozone NAAQS") and that more than 12 months have passed since a determination of completeness (including completeness by operation of law), *see* First Am. Compl. ¶¶ 54-56:

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline | Submittal Date (on or about) | Date of Completeness by EPA Determination or by Operation of Law |
|---|---|---|---|
| 2(a) | Contingency measures for volatile organic compounds ("VOC") and nitrogen oxides ("NO$_X$") pursuant to 42 U.S.C. §§ 7502(c)(9) and 7511a(c)(9) and 40 C.F.R. § 51.1102 (hereinafter "Contingency Measures") | October 25, 2017 | April 25, 2018 |
| 2(b) | Base year emissions inventory requirements pursuant to 42 U.S.C. §§ 7502(c)(3) and 7511a(a)(1) and 40 C.F.R. § 51.1115(a) ("Emissions Inventory") | October 25, 2017 | April 25, 2018 |
| 2(c) | Emissions statement pursuant to 42 U.S.C. § 7511a(a)(3)(B) and 40 C.F.R. § 51.1102 ("Ozone Emissions | October 25, 2017 | April 25, 2018 |

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline | Submittal Date (on or about) | Date of Completeness by EPA Determination or by Operation of Law |
|---|---|---|---|
| | Statement") | | |
| 2(d) | Nonattainment new source review pursuant to 42 U.S.C. § 7511a(a)(2)(C) ("NNSR") | May 23, 2018 | August 28, 2018 |
| 2(e) | Attainment demonstration pursuant to 42 U.S.C. §§ 7502(c)(1) and 7511a(c)(2)(A) and 40 C.F.R. § 51.1108(b) ("Serious Area Ozone Attainment Demonstration") | October 25, 2017 | April 25, 2018 |
| 2(f) | Reasonably Available Control Technology ("RACT") Non-Control Techniques Guideline ("CTG") VOC for Major Sources pursuant to 42 U.S.C. § 7511a(b)(2)(C) ("RACT Non-CTG VOC for Major Sources") | August 9, 2017 | February 9, 2018 |
| 2(g) | Control of VOC Emissions from Coating Operations at Aerospace Manufacturing and Rework Operations, EPA-453/R-97-004 (Dec. 1997) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(h) | CTG for Automobile and Light-Duty Truck Assembly Coatings, EPA 453/R-08-006 (Sept. 2008) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(i) | Control of VOC from Bulk Gasoline Plants, EPA-450/2-77-035 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(j) | Control of VOC Equipment Leaks from Natural Gas/Gasoline Processing Plants, EPA-450/3-83-007 (Dec. 1983) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(k) | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume VII: Factory Surface Coating of Flat Wood Paneling, EPA-450/2-78-032 (June 1978) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(l) | CTG for Fiberglass Boat Manufacturing Materials, EPA 453/R-08-004 (Sept. 2008) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline | Submittal Date (on or about) | Date of Completeness by EPA Determination or by Operation of Law |
|------|-----------------------------------------------------------------------------------------------|------------------------------|------------------------------------------------------------------|
| 2(m) | CTG for Flat Wood Paneling Coatings, EPA-453/R-06-004 (Sept. 2006) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(n) | CTG for Flexible Package Printing, EPA-453/R-06-003 (Sept. 2006) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(o) | Control of VOC Leaks from Synthetic Organic Chemical Polymer and Resin Manufacturing Equipment, EPA-450/3-83-006 (Mar. 1984) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(p) | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume VIII: Graphic Arts-Rotogravure and Flexography, EPA-450/2-78-033 (Dec. 1978) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(q) | CTG for Industrial Cleaning Solvents, EPA-453/R-06-001 (Sept. 2006) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(r) | CTG for Large Appliance Coatings, EPA-453/R-07-004 (Sept. 2007) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(s) | Control of VOC Emissions from Large Petroleum Dry Cleaners, EPA-450/3-82-009 (Sept. 1982) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(t) | Control of VOC Leaks from Gasoline Tank Trucks and Vapor Collection Systems, EPA-450/2-78-051 (Dec. 1978) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(u) | Control of VOC Leaks from Petroleum Refinery Equipment, EPA-450/2-78-036 (June 1978) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(v) | CTG for Offset Lithographic Printing and Letterpress Printing, EPA-453/R-06-002 (Sept. 2006) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline | Submittal Date (on or about) | Date of Completeness by EPA Determination or by Operation of Law |
|---|---|---|---|
| 2(w) | Control of VOC Emissions from Manufacture of High-Density Polyethylene, Polypropylene, and Polystyrene Resins, EPA-450/3-83-008 (Nov. 1983) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(x) | Control of Volatile Organic Emissions from Manufacture of Pneumatic Rubber Tires, EPA-450/2-78-030 (Dec. 1978) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(y) | Control of Volatile Organic Emissions from Manufacture of Synthesized Pharmaceutical Products, EPA-450/2-78-029 (Dec. 1978) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(z) | CTG for Metal Furniture Coatings, EPA 453/R-07-005 (Sept. 2007) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(aa) | CTG for Miscellaneous Industrial Adhesives, EPA 453/R-08-005 (Sept. 2008) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(bb) | CTG for Miscellaneous Metal and Plastic Parts Coatings, EPA 453/R-08-003 (Sept. 2008)[1] pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(cc) | CTG for Paper, Film, and Foil Coatings, EPA 453/R-07-003 (Sept. 2007) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(dd) | Control of Volatile Organic Emissions from Petroleum Liquid Storage in External Floating Roof Tanks, EPA- | August 9, 2017 | February 9, 2018 |

[1] The First Amended Complaint refers to two separate CTGs, "RACT VOC CTG Miscellaneous Metal Products Coatings (2008)," and "RACT VOC CTG Plastic Parts Coatings (2008)." First Am. Compl., tbl. 1. These requirements are contained in a single CTG document.

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline | Submittal Date (on or about) | Date of Completeness by EPA Determination or by Operation of Law |
|------|---------------------------------------------------|------------------------------|------------------------------------------------------------------|
| | 450/2-78-047 (Dec. 1978) pursuant to 42 U.S.C. § 7511a(b)(2) | | |
| 2(ee) | Control of Refinery Vacuum Producing Systems, Wastewater Separators, and Process Unit Turnarounds, EPA-450/2-77-025 (Oct. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(ff) | Control of VOC Emissions from Air Oxidation Processes in Synthetic Organic Chemical Manufacturing Industry ("SOCMI"), EPA-450/3-84-015 (Dec. 1984) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(gg) | Control of VOC Emissions from Reactor Processes and Distillation Operations in SOCMI, EPA-450/4-91-031 (Aug. 1993) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(hh) | CTG for Shipbuilding and Ship Repair Operations (Surface Coating), 61 Fed. Reg. 44,050 (Aug. 27, 1996) pursuant to 42 U.S.C. § 7511a(b)(2); *see also* EPA-453/R-94-032 | August 9, 2017 | February 9, 2018 |
| 2(ii) | Control of Volatile Organic Emissions from Solvent Metal Cleaning, EPA-450/2-77-022 (Nov. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(jj) | Design Criteria for Stage I Vapor Control Systems – Gasoline Service Stations, EPA-450/R-75-102 (Nov. 1975)[2] pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(kk) | Control of Volatile Organic Emissions from Storage of Petroleum Liquids in Fixed-Roof Tanks, EPA-450/2-77-036 | August 9, 2017 | February 9, 2018 |

---

[2] This document is regarded as a CTG although it was never published with an EPA document number.

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline | Submittal Date (on or about) | Date of Completeness by EPA Determination or by Operation of Law |
|---|---|---|---|
| | (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | | |
| 2(ll) | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume IV: Surface Coating for Insulation of Magnet Wire, EPA-450/2-77-033 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(mm) | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume II: Surface Coating of Cans, Coils, Paper, Fabrics, Automobiles, and Light-Duty Trucks, EPA-450/2-77-008 (May 1977)[3] pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(nn) | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume V: Surface Coating of Large Appliances, EPA-450/2-77-034 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(oo) | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume III: Surface Coating of Metal Furniture, EPA-450/2-77-032 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(pp) | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume VI: Surface Coating of Miscellaneous Metal Parts and Products), EPA-450/2-78-015 (June 1978) pursuant to 42 U.S.C. § | August 9, 2017 | February 9, 2018 |

---

[3] The Complaint refers to five separate CTGs, "RACT VOC CTG Surface Coating of Automobiles and Light-Duty Trucks," "RACT VOC CTG Surface Coating of Cans," "RACT VOC CTG Surface Coating of Coils," "RACT VOC CTG Surface Coating of Fabrics," and "RACT VOC CTG Surface Coating of Paper." First Am. Compl., tbl. 1. These are a single CTG document.

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline | Submittal Date (on or about) | Date of Completeness by EPA Determination or by Operation of Law |
|------|---|---|---|
|  | 7511a(b)(2) |  |  |
| 2(qq) | Control of Hydrocarbons from Tank Truck Gasoline Loading Terminals, EPA-450/2-77-026 (Oct. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(rr) | Control of Volatile Organic Emissions from Use of Cutback Asphalt, EPA-450/2-77-037 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(ss) | Control of VOC Emissions from Wood Furniture Manufacturing Operations, EPA-453/R-96-007 (Apr. 1996) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | February 9, 2018 |
| 2(tt) | Reasonable Further Progress ("RFP") VOC and $NO_X$ - Serious pursuant to 42 U.S.C. §§ 7511a(b)(1) and 7511(c)(2)(B) and 40 C.F.R. § 51.1110(a)(2) | October 25, 2017 | April 25, 2018 |

WHEREAS, on June 16, 2021, the Acting Regional Administrator for EPA Region 9 signed a notice approving elements of a California nonattainment SIP submission addressing the Contingency Measures, Emissions Inventory, and Ozone Emissions Statement elements for the Eastern Kern (Kern County), California nonattainment area for the 2008 ozone NAAQS. *Final Rule*, 86 Fed. Reg. 33,528 (June 25, 2021). Claim 2 is therefore moot as to the Contingency Measures, Emissions Inventory, and Ozone Emissions Statement elements, Items 2(a), 2(b), and 2(c);

WHEREAS, in Claim 3 of the First Amended Complaint, Plaintiffs allege that EPA has not taken final action on nonattainment SIP submittals from the State of Colorado for the Denver Metro/North Front Range, Colorado nonattainment area for the 2008 ozone NAAQS addressing the following elements, and that more than 12 months have passed since a

determination of completeness (including completeness by operation of law), *see* First Am. Compl. ¶¶ 58-60:

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guidelines | Submittal Date (on or about) | Date of Completeness by EPA Determination or by Operation of Law |
|------|------|------|------|
| 3(a) | RACT VOC Control Techniques Guidelines for Metal Furniture Coatings, EPA 453/R-07-005 (Sept. 2007) | May 31, 2017 | December 1, 2017 |
| 3(b) | RACT VOC Control Techniques Guidelines for Miscellaneous Metal and Plastic Parts Coatings, EPA 453/R-08-003 (Sept. 2008) (only to the extent the CTG addresses miscellaneous metal products coatings) | May 31, 2017 | December 1, 2017 |
| 3(c) | RACT VOC CTG, Control of Volatile Organic Compound Emissions from Wood Furniture Manufacturing Operations, EPA-453/R-96-007 (Apr. 1996) | May 31, 2017 | December 1, 2017 |
| 3(d) | RACT VOC CTG for Industrial Cleaning Solvents, EPA-453/R-06-001 (Nov. 2006) | May 31, 2017 | December 1, 2017 |
| 3(e) | RACT VOC CTG for Control of Volatile Organic Compound Emissions from Coating Operations at Aerospace Manufacturing and Rework Operations, EPA-453/R-97-004 (Dec. 1997) | May 31, 2017 | December 1, 2017 |
| 3(f) | Reg. No. 7, Section X (Use of Cleaning Solvents) | May 31, 2017 | December 1, 2017 |
| 3(g) | Reg. No. 7, Section XIX (Control of Emissions from Specific Major Sources of VOC and/or NOx in the 8-Hour Ozone Control Area) | May 31, 2017 | December 1, 2017 |
| 3(h) | RACT Non-CTG for Major NOx Sources/Submittal concerning combustion sources: | May 8, 2019[4] | November 8, 2019 |

---

[4] The cover letters to the submittals described by Items 3(h) and 3(i) are dated May 10, 2019, but they were received by EPA on May 8, 2019.

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guidelines | Submittal Date (on or about) | Date of Completeness by EPA Determination or by Operation of Law |
|------|--------------------------------------------------------------------------------------------------|------------------------------|------------------------------------------------------------------|
|      | Colorado Reg. 7, Sections XVI (Control of Emissions from Stationary and Portable Combustion Equipment in the 8-Hour Ozone Control Area), and XIX (Control of Emissions from Specific Major Sources of VOC and/or NOx in the 8-Hour Ozone Control Area) |  |  |
| 3(i) | RACT Non-CTG VOC for Major Sources / Submittal concerning brewing related activities and wood furniture surface coating operations: Colorado Reg. 7, Sections I[5] (Applicability), II (General Provisions), VI (Storage and Transfer of Petroleum Liquid), IX (Surface Coating Operations), X (Use of Cleaning Solvents), XII (Volatile Organic Compound Emissions from Oil and Gas Operations), XIII (Graphic Arts and Printing), XVI (Control of Emissions from Stationary and Portable Combustion Equipment in the 8-Hour Ozone Control Area), XVII (Statewide Controls for Oil and Gas Operations and Natural Gas-Fired Reciprocating Internal Combustion Engines), XVIII (Natural Gas-Actuated Pneumatic Controllers Associated with Oil and Gas Operations), and XX (Control of Emissions from Breweries in the 8-hour Ozone Control Area) | May 8, 2019 | November 8, 2019 |

---

[5] The First Amended Complaint refers to Section "1" of Regulation No. 7 as a part of a May 10, 2019 submittal. The parties agree that the Arabic "1" is a typographical error and that the reference was intended to be to Section "I," with a Roman numeral.

WHEREAS, on February 11, 2021, the Acting Regional Administrator for EPA Region 8 signed a notice partially approving and partially conditionally approving elements of a Colorado SIP submission addressing the elements described above for Claim 3 as Items 3(a), 3(c), 3(d), 3(e), 3(f), 3(g), parts of 3(h) (excluding only subsections XVI.D.4.b.(i) and XVI.D.4.d.), and 3(i). *Final Rule*, 86 Fed. Reg. 11,125 (Feb. 24, 2021). Claim 3 is therefore moot as to Items 3(a), 3(c), 3(d), 3(e), 3(f), 3(g), the parts of 3(h) acted on, and 3(i).

WHEREAS, in Claim 4 of the First Amended Complaint, Plaintiffs allege that EPA has not taken final action on the following elements in a SIP submittal for the Nevada County (Western part), California nonattainment area ("Western Nevada County") for the 2008 ozone NAAQS and that more than 12 months have passed since a determination of completeness (including completeness by operation of law), *see* First Am. Compl. ¶¶ 62-64;

| Item | State Implementation Plan Elements | Submittal Date (on or about) | Date of Completeness by EPA Determination or by Operation of Law |
|---|---|---|---|
| 4(a) | Contingency Measures | December 7, 2018 | June 7, 2019 |
| 4(b) | Emissions Inventory | December 7, 2018 | June 7, 2019 |
| 4(c) | Ozone Emissions Statement | December 7, 2018 | June 7, 2019 |
| 4(d) | Serious Area Ozone Attainment Demonstration | December 7, 2018 | June 7, 2019 |
| 4(e) | RFP VOC and $NO_X$ – Moderate pursuant to 42 U.S.C. § 7511a(b)(1) and 40 C.F.R. § 51.1110(a)(4)(i) ("RFP VOC and $NO_X$ – Moderate") | December 7, 2018 | June 7, 2019 |
| 4(f) | RFP VOC and $NO_X$ - Serious pursuant to 42 U.S.C. §§ 7502(c)(2) and 7511a(c)(2)(B) and 40 C.F.R. § 51.1110(a)(4)(iii) ("RFP VOC and $NO_X$ – Serious") | December 7, 2018 | June 7, 2019 |

WHEREAS, on May 13, 2021, the Acting Regional Administrator for EPA Region 9 signed a notice approving elements of a California nonattainment SIP submission addressing the Contingency Measures, Emissions Inventory, Serious Area Ozone Attainment Demonstration,

RFP VOC and NO$_X$ – Moderate[6], and RFP VOC and NO$_X$ – Serious elements for the Western Nevada County nonattainment area for the 2008 ozone NAAQS. *Final Rule*, 86 Fed. Reg. 27,524 (May 21, 2021). Claim 4 is therefore moot as to these elements (Items 4(a), 4(b), 4(d), 4(e), and 4(f));

WHEREAS, in Claim 5 of the First Amended Complaint, Plaintiffs allege that EPA has not taken final action on the following elements in SIP submittals for the Riverside County (Coachella Valley planning area), California ozone nonattainment area ("Coachella Valley nonattainment area") for the 2008 ozone NAAQS and that more than 12 months have passed since a determination of completeness (including completeness by operation of law), *see* First Am. Compl. ¶¶ 66-68:

| Item | State Implementation Plan Elements | Submittal Date (on or about) | Date of Completeness by EPA Determination or by Operation of Law |
|---|---|---|---|
| 5(a) | Contingency Measures pursuant to 42 U.S.C. §§ 7502(c)(9) and 7511a(c)(9) and 40 C.F.R. § 51.1102 ("RFP Contingency Measures") | April 27, 2017 | October 23, 2017 |
| 5(b) | Contingency Measures pursuant to 42 U.S.C. § 7502(c)(9) ("Attainment Contingency Measures") | May 5, 2017 | November 5, 2017 |

WHEREAS, the relief requested in the First Amended Complaint includes, among other things, an order from this Court to establish a date certain by which EPA must fulfill its obligations;

---

[6] EPA refers to RFP VOC and NOx – Moderate as "ROP" in the Final Rule. 86 Fed. Reg. at 27,530. For Moderate and above nonattainment areas, CAA section 182(b)(1), requires VOC "emission reductions within 6 years after November 15, 1990, of a least 15 percent from baseline emissions, accounting for any growth in emissions after 1990." 42 U.S.C. § 7511a(b)(1). "Rate of Progress" or "ROP" is the term EPA uses to distinguish the initial 6 year RFP requirement for ozone nonattainment areas from the requirements for subsequent RFP intervals. *See* 40 C.F.R. § 51.1100(u) (defining ROP to mean "the 15 percent progress reductions in VOC emissions over the first 6 years required under CAA section 182(b)(1)").

WHEREAS, Plaintiffs and EPA have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, Plaintiffs and EPA, by entering into this Consent Decree (the "Consent Decree"), do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of all non-moot claims in this matter except as to Claim 2, Item 2(tt) and Claim 4, Item 4(c), described above, and therefore wish to effectuate a settlement of all non-moot claims in this matter except Claim 2, Item 2(tt) and Claim 4, Item 4(c), which have been dismissed via a joint stipulation, *See* Dkt. No. 36;

WHEREAS, it is in the interest of the public, Plaintiffs, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, Plaintiffs and EPA agree that this Court has jurisdiction over the matters resolved in this Consent Decree pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(e) and Civil L.R. 3-2(c)-(d); and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiffs and Defendant EPA, it is hereby ordered, adjudged and decreed that:

1. The appropriate EPA official shall:

a. sign a notice of final rulemaking to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part, a SIP submittal addressing the following elements of the Eastern Kern (Kern County), California nonattainment area portion of the California SIP for the 2008 ozone NAAQS no later than the date indicated below:

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline | Submittal Date (on or about) | Deadline |
|------|-----------------------------------------------------------------------------------------------|------------------------------|----------|
| i. | NNSR | May 23, 2018 | December 15, 2022 |
| ii. | Serious Area Ozone Attainment Demonstration | October 25, 2017 | February 18, 2022 |
| iii. | RACT Non-CTG VOC for Major Sources | August 9, 2017 | December 15, 2021 |
| iv. | Control of VOC Emissions from Coating Operations at Aerospace Manufacturing and Rework Operations, EPA-453/R-97-004 (Dec. 1997) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| v. | CTG for Automobile and Light-Duty Truck Assembly Coatings, EPA 453/R-08-006 (Sept. 2008) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| vi. | Control of Volatile Organic Emissions from Bulk Gasoline Plants, EPA-450/2-77-035 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| vii. | Control of VOC Equipment Leaks from Natural Gas/Gasoline Processing Plants, EPA-450/3-83-007 (Dec. 1983) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| viii. | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume VII: Factory Surface Coating of Flat Wood Paneling, EPA-450/2-78-032 (June 1978) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| ix. | CTG for Fiberglass Boat Manufacturing Materials, EPA 453/R-08-004 (Sept. 2008) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| x. | CTG for Flat Wood Paneling Coatings, EPA-453/R-06-004 (Sept. 2006) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xi. | CTG for Flexible Package Printing, | August 9, 2017 | December 15, 2021 |

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline | Submittal Date (on or about) | Deadline |
|------|-----------------------------------------------------------|------------------------------|----------|
| | EPA-453/R-06-003 (Sept. 2006) pursuant to 42 U.S.C. § 7511a(b)(2) | | |
| xii. | Control of VOC Leaks from Synthetic Organic Chemical Polymer and Resin Manufacturing Equipment, EPA-450/3-83-006 (Mar. 1984) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xiii. | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume VIII: Graphic Arts-Rotogravure and Flexography, EPA-450/2-78-033 (Dec. 1978) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xiv. | CTG for Industrial Cleaning Solvents, EPA-453/R-06-001 (Sept. 2006) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xv. | CTG for Large Appliance Coatings, EPA-453/R-07-004 (Sept. 2007) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xvi. | Control of VOC Emissions from Large Petroleum Dry Cleaners, EPA-450/3-82-009 (Sept. 1982) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xvii. | Control of VOC Leaks from Gasoline Tank Trucks and Vapor Collection Systems, EPA-450/2-78-051 (Dec. 1978) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xviii. | Control of VOC Leaks from Petroleum Refinery Equipment, EPA-450/2-78-036 (June 1978) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xix. | CTG for Offset Lithographic Printing and Letterpress Printing, EPA-453/R-06-002 (Sept. 2006) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xx. | Control of VOC Emissions from Manufacture of High-Density Polyethylene, Polypropylene, and Polystyrene Resins, EPA-450/3-83- | August 9, 2017 | December 15, 2021 |

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline | Submittal Date (on or about) | Deadline |
|------|------|------|------|
| | 008 (Nov. 1983) pursuant to 42 U.S.C. § 7511(b)(2) | | |
| xxi. | Control of Volatile Organic Emissions from Manufacture of Pneumatic Rubber Tires, EPA-450/2-78-030 (Dec. 1978) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xxii. | Control of Volatile Organic Emissions from Manufacture of Synthesized Pharmaceutical Products, EPA-450/2-78-029 (Dec. 1978) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xxiii. | CTG for Metal Furniture Coatings, EPA 453/R-07-005 (Sept. 2007) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xxiv. | CTG for Miscellaneous Industrial Adhesives, EPA 453/R-08-005 (Sept. 2008) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xxv. | CTG for Miscellaneous Metal and Plastic Parts Coatings, EPA 453/R-08-003 (Sept. 2008)[7] pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xxvi. | CTG for Paper, Film, and Foil Coatings, EPA 453/R-07-003 (Sept. 2007) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xxvii. | Control of Volatile Organic Emissions from Petroleum Liquid Storage in External Floating Roof Tanks, EPA-450/2-78-047 (Dec. 1978) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xxviii. | Control of Refinery Vacuum | August 9, 2017 | December 15, 2021 |

---

[7] The First Amended Complaint refers to two separate CTGs, "RACT VOC CTG Miscellaneous Metal Products Coatings (2008)," and "RACT VOC CTG Plastic Parts Coatings (2008)." First Amended Complaint, tbl. 1. These requirements are contained in a single CTG document.

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline | Submittal Date (on or about) | Deadline |
|------|---------|---------|---------|
| | Producing Systems, Wastewater Separators, and Process Unit Turnarounds, EPA-450/2-77-025 (Oct. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | | |
| xxix. | Control of VOC Emissions from Air Oxidation Processes in Synthetic Organic Chemical Manufacturing Industry ("SOCMI"), EPA-450/3-84-015 (Dec. 1984) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xxx. | Control of VOC Emissions from Reactor Processes and Distillation Operations in SOCMI, EPA-450/4-91-031 (Aug. 1993) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xxxi. | CTG for Shipbuilding and Ship Repair Operations (Surface Coating), 61 Fed. Reg-44,050 (Aug. 27, 1996) pursuant to 42 U.S.C. § 7511a(b)(2); *see also* EPA-453/R-94-032 | August 9, 2017 | December 15, 2021 |
| xxxii. | Control of Volatile Organic Emissions from Solvent Metal Cleaning, EPA-450/2-77-022 (Nov. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xxxiii. | Design Criteria for Stage I Vapor Control Systems – Gasoline Service Stations, EPA-450/R-75-102 (Nov. 1975) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xxxiv. | Control of Volatile Organic Emissions from Storage of Petroleum Liquids in Fixed-Roof Tanks, EPA-450/2-77-036 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xxxv. | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume IV: Surface | August 9, 2017 | December 15, 2021 |

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline | Submittal Date (on or about) | Deadline |
|------|----------------------------------------------------------------------------------------------|------------------------------|----------|
|  | Coating for Insulation of Magnet Wire, EPA-450/2-77-033 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) |  |  |
| xxxvi. | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume II: Surface Coating of Cans, Coils, Paper, Fabrics, Automobiles, and Light-Duty Trucks, EPA-450/2-77-008 (May 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xxxvii. | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume V: Surface Coating of Large Appliances, EPA-450/2-77-034 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xxxviii. | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume III: Surface Coating of Metal Furniture, EPA-450/2-77-032 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xxxix. | Control of Volatile Organic Emissions from Existing Stationary Sources – Volume VI: Surface Coating of Miscellaneous Metal Parts and Products), EPA-450/2-78-015 (June 1978) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xl. | Control of Hydrocarbons from Tank Truck Gasoline Loading Terminals, EPA-450/2-77-026 (Oct. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xli. | Control of Volatile Organic Emissions from Use of Cutback Asphalt, EPA-450/2-77-037 (Dec. 1977) pursuant to 42 U.S.C. § 7511a(b)(2) | August 9, 2017 | December 15, 2021 |
| xlii. | Control of VOC Emissions from Wood Furniture Manufacturing | August 9, 2017 | December 15, 2021 |

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guideline | Submittal Date (on or about) | Deadline |
|------|-------------------------------------------------|-------------------------------|----------|
|      | Operations, EPA-453/R-96-007 (Apr. 1996) pursuant to 42 U.S.C. § 7511a(b)(2) |                              |          |

b. sign a notice of final rulemaking to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part, a SIP submittal addressing the following elements of the Denver-Boulder-Greeley-Ft. Collins-Loveland, Colorado nonattainment area portion of the Colorado SIP for the 2008 ozone NAAQS no later than the date indicated below:

| Item | State Implementation Plan Submittal and/or Applicable Elements or Control Techniques Guidelines | Submittal Date (on or about) | Deadline |
|------|-------------------------------------------------|-------------------------------|----------|
| i.   | RACT VOC CTG for Miscellaneous Metal and Plastic Parts Coatings, EPA 453/R-08-003 (Sept. 2008) (only to the extent the CTG addresses miscellaneous metal products coatings) | May 31, 2017 | February 15, 2023 |
| ii.  | RACT Non-CTG for Major NOx Sources/Submittal concerning combustion sources: Colorado Reg. 7, Section XVI (Control of Emissions from Stationary and Portable Combustion Equipment in the 8-Hour Ozone Control Area), subsections XVI.D.4.b.(i) and XVI.D.4.d. | May 8, 2019 | February 15, 2023 |

c. sign a notice of final rulemaking to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part, a SIP submittal addressing the following elements of the Riverside County (Coachella Valley planning area), California nonattainment area portion of the California SIP for the 2008 ozone NAAQS no later than the date indicated below:

| Item | State Implementation Plan Elements | Submittal Date (on or about) | Deadline |
|------|-----------------------------------|------------------------------|----------|
| i. | RFP Contingency Measures | April 27, 2017 | September 30, 2022 |
| ii. | Attainment Contingency Measures | May 5, 2017 | September 30, 2022 |

2. If any State withdraws a SIP submission addressing any or all of the elements listed above in Paragraphs 1.a, 1.b, or 1.c, then EPA's obligation to take the action required by Paragraph 1 with respect to those elements is automatically terminated unless Plaintiffs move the Court to address EPA's obligation in light of the withdrawn submittal. If Plaintiffs file such a motion, EPA's obligation to act on the withdrawn portion of the submittal is stayed pending resolution of said motion. EPA shall notify Plaintiffs within fifteen business days of receiving a written request from a State to withdraw a SIP submission addressing any or all of the elements listed in Paragraph 1 for that State. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to EPA's obligation in the event that any State withdraws a SIP submission addressing any or all of the elements listed above in Paragraph 1 and Plaintiffs file a motion pursuant to this Paragraph. If EPA signs a finding of failure to submit for the withdrawn submittal while such a motion is pending, Plaintiffs shall withdraw its motion.

3. EPA shall, within 15 business days of signature, send the notice package for each action taken pursuant to Paragraph 1 of this Consent Decree to the Office of the Federal Register for review and publication in the *Federal Register*.

4. After EPA has completed the actions set forth in Paragraph 1 of this Consent Decree, after notice of each final action required by Paragraph 3 has been published in the *Federal Register*, and the issue of costs of litigation (including reasonable attorney fees) has been resolved, EPA may move to have this Consent Decree terminated. Plaintiffs shall have fourteen (14) days in which to respond to such motion, unless the parties stipulate to a longer time for Plaintiffs to respond.

5. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiffs and EPA with notice to the Court, or (b) by the Court upon motion of EPA for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiffs and any reply by EPA. Any other provision of this Consent Decree also may be modified by the Court following motion of an undersigned party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving party and any reply.

6. If a lapse in EPA appropriations occurs within one hundred twenty (120) days prior to a deadline in Paragraphs 1 or 3 in this Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 5.

7. Plaintiffs and EPA agree that this Consent Decree constitutes a complete settlement of Claims 1, 2 (excluding Item 2(tt)), 3, 4 (excluding Item 4(c)), and 5 of the First Amended Complaint.

8. In the event of a dispute between Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice, via electronic mail or other means, outlining the nature of the dispute and requesting informal negotiations. The parties shall meet and confer in order to attempt to resolve the dispute. If the parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, either party may petition the Court to resolve the dispute.

9. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedure set forth in Paragraph 8 has been followed, and the moving party has provided the other party with written notice received at least ten (10) business days before the filing of such motion or proceeding.

10. The deadline for filing a motion for costs of litigation (including attorney fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90)

days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve any claim for costs of litigation (including attorney fees), and if they cannot, Plaintiffs will file a motion for costs of litigation (including attorney fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request. The Court shall retain jurisdiction to resolve any requests for costs of litigation, including attorney fees.

11. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation (including attorney fees).

12. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), including final action taken pursuant to section 110(k) of the CAA, 42 U.S.C. § 7410(k), approving, disapproving, conditionally approving, or approving in part and conditionally approving or disapproving in part, a SIP submittal, or (b) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

13. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

14. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

15. Plaintiffs reserve the right to seek additional costs of litigation (including reasonable attorney fees) incurred subsequent to entry of this Consent Decree. EPA reserves the right to oppose any such request for additional costs of litigation (including attorney fees).

16. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA. Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

17. The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

18. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

For Plaintiffs Center for Biological Diversity and Center for Environmental Health:

Robert Ukeiley
Center for Biological Diversity
1536 Wynkoop St., Ste. 421
Denver, CO 80202
Tel: (720) 496-8568
Email: rukeiley@biologicaldiversity.org

For Defendant EPA:        Leslie M. Hill
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 2.900
Washington D.C.  20001
Tel. (202) 514-0375
Email: leslie.hill@usdoj.gov

19. EPA and Plaintiffs recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

20. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party, and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

21. The undersigned representatives of Plaintiffs and Defendant EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Decree.

//

**IT IS SO ORDERED** on this __22__ day of _____July_____, 2021.

_____
WILLIAM H. ALSUP
United States District Judge

COUNSEL FOR PLAINTIFFS:

/s Robert Ukeiley (email authorization 7/8/21)
Robert Ukeiley, Admitted *Pro Hac Vice*
Center for Biological Diversity
1536 Wynkoop St., Ste. 421
Denver, CO 80202
Tel: (720) 496-8568
Email: rukeiley@biologicaldiversity.org

Jonathan Evans (CA Bar No. 247376)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Tel: 510-844-7100 x318
Fax: 510-844-7150
Email: jevans@biologicaldiversity.org

1

2   COUNSEL FOR DEFENDANT:          JEAN A. WILLIAMS
                                    Acting Assistant Attorney General
3

4
                                    /s Leslie M. Hill
5                                   LESLIE M. HILL (D.C. Bar No. 476008)
                                    United States Department of Justice
6                                   Environment & Natural Resources Division
                                    Environmental Defense Section
7                                   4 Constitution Square
                                    150 M Street N.E., Suite 4.149
8                                   Washington D.C.  20002
                                    Tel. (202) 514-0375
9                                   Email: Leslie.Hill@usdoj.gov
10

11

12  Of counsel:

13  Elizabeth Pettit
    Office of General Counsel
14  U.S. Environmental Protection Agency

15  Julie Walters
16  Office of Regional Counsel, Region 9
    U.S. Environmental Protection Agency
17

18  Michael Boydston
    Office of Regional Counsel, Region 8
19  U.S. Environmental Protection Agency

20

21

22

23

24

25

26

27

28